**MAO LIN ZHANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

No. 08–5038–ag.

United States Court of Appeals, Second Circuit.

Sept. 18, 2009.

Theodore N. Cox, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Greg D. Mack, Senior Litigation Counsel; Heather S. Navarro, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Mao Lin Zhang, a native and citizen of the People's Republic of China, seeks review of a September 30, 2008 order of the BIA denying his motion to reopen. *In re Mao Lin Zhang,* No. A077 309 222 (B.I.A. Sept. 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Here, Zhang concedes that his June 2008 motion to reopen was untimely where the IJ issued an order of removal *in absentia* in July 2000. *See* 8 C.F.R. § 1003.2(c)(2). However, he argues for the first time that the BIA should have equitably tolled the time limitation for filing his motion to reopen. Because Zhang failed to exhaust before the BIA his

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

equitable tolling argument, and because the government has raised this failure to exhaust in its brief, we decline to consider this issue and conclude that the BIA did not abuse its discretion in denying Zhang's motion to reopen as untimely. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007) (describing the issue exhaustion requirement as an "affirmative defense subject to waiver").

Moreover, contrary to Zhang's argument, nothing in the BIA's decision in *Matter of Velarde–Pacheco* suggests that it abused its discretion in denying his motion to reopen as untimely. *See* 23 I & N Dec. 253, 256 (BIA 2002) (providing that a motion to reopen may be granted in the exercise of discretion to allow an alien the opportunity to apply for adjustment of status where, *inter alia*, the motion is timely filed).

█ Finally, to the extent Zhang argues that the BIA erred in declining to reopen his proceedings *sua sponte*, we lack jurisdiction to consider that "entirely discretionary" decision. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).